IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **CARMEN JOHNSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:18-00444** |
| ) | |
| **WARDEN SAAD,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 3.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

## FACT AND PROCEDURE

On March 15, 2018, Petitioner, acting *pro se* and incarcerated at FPC Alderson, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Document No. 3.)[1] Petitioner basically contends that the Bureau of Prisons ["BOP"] is acting contrary to the Second Chance Act of 2007 by not considering inmates for designation to Residential Reentry Center ["RRC"]

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

placement for periods of time longer than six months. (Id.) Petitioner contends that notwithstanding Congress' amendment of 18 U.S.C. § 3624(c) under the Second Chance Act of 2007, the BOP has implemented a policy and practice of authorizing no inmate more than a 6-month RRC placement. (Id.) Petitioner states that Congress mandated that prisoners receive individualized evaluations of their eligibility for Community Corrections Placement. (Id.) Petitioner complains that her unit team has determined that 6 months RRC placement will satisfy Petitioner's reentry needs. (Id.) Petitioner, however, states that 6 months is insufficient because she has needs mental health treatment and "more time to fix things in my life [because she] has nothing to go home to, no car, no home, no family in the area." (Id.) Thus, Petitioner states that her circumstances are not being properly considered. (Id.) Petitioner states that she needs 7 to 9 months of RRC placement. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Inmate Skills Development Plan" (Id., pp. 20 – 22.); (2) Petitioner's Affidavit (Id., pp. 23 – 24.); (3) A copy of an article entitled "Ptc Institute Shuts Doors Owners Accused of Misusing Funds" (Id., p. 25.); (4) A copy of Petitioner's Legal Assistant/Paralegal Certificate and Transcripts from Blackstone Career Institute (Id., pp. 27 – 32.); (5) A copy of Warden Saad's Response to Petitioner's Request for Administrative Remedy regarding her Blackstone credits dated March 8, 2018 (Remedy ID. No. 930850-F1) (Id., p. 33.); (6) A copy of Petitioner's "Inmate Request to Staff" regarding her Blackstone credits dated January 24, 2018 (Id., p. 34.); (7) A copy of Warden Wilson's Response to Petitioner's Request for Administrative Remedy regarding her request for additional RRC/halfway house placement dated August 17, 2017 (Remedy ID. No. 912027-F1) (Id., p. 36.); (8) A copy of Regional Director Angela P. Dunbar's Response dated September 14,

2017, denying Petitioner's Regional Appeal regarding her RRC placement (Remedy ID. No. 912027-R1) (Id., p. 37.); (9) A copy of Warden Saad's Response dated March 8, 2018, to Petitioner's Request for Administrative Remedy regarding her request for additional RRC/halfway house placement (Remedy ID. No. 930859-F1) (Id., p. 38.); (10) A copy of Petitioner's Request for Administrative Remedy dated August 9, 2017, regarding her RRC placement (Id., p. 39.); and (11) A copy of the BOP's "Memorandum for Chief Executive Officers" dated June 24, 2010, regarding "Revised Guidance for Residential Reentry Center (RRC) Placements" (Id., pp. 41 – 46.).

On April 10, 2018, Petitioner filed a "Motion to Request to Add Case Law for Judiciary Relief Under Second Chance Act by Way of 2241 Habeas Corpse to be Reviewed by Court" (Document No. 7), which the Court construed as an Amendment to her Section 2241 Petition. (Document Nos. 7 – 9.) Petitioner continues to argue that she is being improperly considered for RRC placement. (Id.) Petitioner argues that considering her individualize needs, Petitioner requires "7 – 10 months halfway house along with 5 – 6 months home confinement." (Id.)

By Order entered on April 11, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 10.) On May 2, 2018, Respondent filed her Response to the Order to Show Cause. (Document No. 13.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust her administrative remedies" (Id., pp. 3 – 4.); and (2) "The BOP has fulfilled its obligation to review Petitioner for an RRC placement" (Id., pp. 4 – 6.).

3

As Exhibits, Respondent attaches the following: (1) The Declaration of Walter Ray (Id., pp. 10 – 12.); (2) A copy of Petitioner's "Public Information Inmate Data as of 04-27-2018" (Id., pp. 14 – 16.); (3) A copy of Petitioner's "Individualized Reentry Plan" (Id., pp. 18 – 20.); and (4) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., p. 22 - 31.).

By Order and Notice entered on May 3, 2018, the undersigned notified Petitioner of her right to file a Reply to Respondent's Response. (Document No. 14.) On May 16, 2018, Petitioner filed her Reply. (Document No. 15.) First, Petitioner argues that she properly exhausted her administrative remedies by submitting her BP-11. (Id.) Second, Petitioner continues to argue that BOP staff have not properly considering her individualize needs for more than 6 months RRC placement. (Id.) On June 1, 2018, Petitioner filed a Motion to Add Residential Reentry Management Letter as an Exhibit. (Document No. 16.) As an Exhibit, Petition attaches a copy of her Residential Reentry Management Letter dated May 29, 2018. (Document No. 16-1.) By separate Order entered this day, the undersigned as granted the foregoing Motion.

## ANALYSIS

**1.    Failure to Exhaust:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127

S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable,

the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

Respondent argues that Petitioner's Section 2241 Petition should be denied because Petitioner did not exhaust her administrative remedies. (Document No. 13, p. 3.) Respondent acknowledges that "Petitioner filed Administrative Remedy ID No.'s 912027 and 930859 at the Institutional and Regional Office levels seeking additional time in an RRC above what the Unit Team recommended." (Id.) Respondent argues that Petitioner did not appeal either remedy to the Central Office level. (Id.) In Reply, Petitioner argues that she properly exhausted her available administrative remedies. (Document No. 15.) Petitioner explains that she "filed/mailed a BP-11 in October 2017 and never received a receipt or response back. (Id., p. 1.) Petitioner states that she filed another BP-11 on April 15, 2018, but it was rejected for being untimely. (Id., pp. 1 and 4.) Thus, Petitioner contends she properly exhausted her administrative remedies. (Id.)

Based upon the foregoing, the undersigned cannot find that Petitioner failed to fully exhaust her administrative remedies prior to filing the instant action. In her Reply, Petitioner claims that she appealed the Regional Director's unfavorable response to General Counsel on a BP-11 form in October, 2017. Petitioner, however, states that she never received a receipt or response. Thus, Petitioner argues that her claim should be deemed exhausted because General Counsel failed to properly respond to her BP-11. Section 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Petitioner states that she considered the absence of a response from General Counsel as a denial and proceed by instituting this case. Based upon the foregoing, the undersigned cannot conclude that Petitioner failed to exhaust her administrative remedies. Thus, the undersigned will consider the merits of Petitioner's claim.

**2.      Application of 18 U.S.C. §§ 3621(b) and 3624(c).**

Considering the merits of Petitioner's Section 2241 Petition, it is clear that her Petition must be dismissed. Based upon a review of the record, it is evident that the BOP considered how much time Petitioner should be designated to RRC placement on an individualized basis and considered Section 3621(b)'s five factors.

Pursuant to Title 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Title 18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody allowing a prisoner to serve a portion of her sentence in the community, such as home confinement, placement in a community correctional facility, or RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release placements. As amend by the Second Chance Act of 2007, Section 3624(c) provides as follows:

**(1) In general.** - - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**(2) Home confinement authority.** - - The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

The Second Chance Act required that the BOP issue new regulations designed to ensure that prerelease placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22.

Section 570.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. See 28 C.F.R. § 570.21. Section 520.21 further provides that a prisoner's maximum allowable time in home confinement is "the shorter of ten percent of the inmate's term of imprisonment or six months." Id. The regulations, however, do not set any minimum amount of time that a prisoner must spend at a RRC placement or home confinement. Section 520.22 requires the BOP to make pre-release community confinement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 28 C.F.R. § 570.22. Furthermore, the 12-month period is a statutory maximum and it is not mandatory that prisoners receive 12-months pre-release placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (4th Cir. 2005)(stating that "the BOP may assign a prisoner to [a RRC placement] does not mean that it must").

Based upon a review of the record, the undersigned finds that Petitioner has appropriately been considered for pre-release placement pursuant to Section 3621(b). During the Program Review, the Unit Team reviewed Petitioner's progress and considered Petitioner's placement in an RRC and home confinement. Specifically, the Unit Team determined that a range between 151 to 180 days RRC placement would satisfy Petitioner's release needs, and was of sufficient duration to provide the greatest likelihood of successful reintegration into the community.[3] (Document No. 13, pp. 18 - 20.) Section 3621(b) only requires that Petitioner receive an

---

[3] In considering the five factors, the Unit Team determined as follows: (1) "There are available community corrections in the release area;" (2) "the nature and circumstances of the offense are eligible for community corrections; (3) Petitioner has "establish residence and community ties;" (4) "There were not statements on the J&C form the sentencing court regarding RRC placement and there was no pertinent policy applied by the Sentencing Commission; and (5) Petitioner is 50 years old and has a stable release plan and community.

individualized assessment for pre-release placement using the factors set forth in the statute. See Syrek v. Phillips, 2008 WL 4335494 (N.D.W.Va. Sep. 17, 2008)(finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's CCC placement"); also see Specter v. Director Federal Bureau of Prisons, 2010 WL 883733, * 5 (D.S.C. Mar. 5, 2010)(slip copy)(stating that "[u]nder these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); Garrison v. Stansberry, 2009 WL 1160115, *5 (E.D.Va. April 29, 2009)(finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis"). Therefore, the undersigned finds that the BOP appropriately considered Petitioner for pre-release placement pursuant to Section 3621(b).[4]

---

[4] The Court further finds that Petitioner does not possess a constitutionally protected interest in placement in a RRC or on home confinement. The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994), *cert. denied*, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); *Posey v. Dewalt*, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), *appeal dismissed by*, 215 F.3d 1320 (4th Cir. 2000), *cert. denied*, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Neither Section 3621(b) nor Section 3624(c) contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in a particular security classification. Title 18, U.S.C. § 3621(b) clearly vests the BOP with broad discretionary authority as to prisoners' placement and classification while incarcerated. *See* 18 U.S.C. § 3621. *See also Trowell v. Beeler*, 135 Fed.Appx. 590, 595 (4th Cir. 2005)(finding that "BOP must exercise its own independent judgment" under Section 3621(b)). The language of Section

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 3) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

3621(b) stating that the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable," is clearly permissive; the statute does not *mandate* that the BOP place a prisoner in a certain facility. Furthermore, Title 18 U.S.C. § 3624(c) "does not direct that the BOP must place prisoners in a particular facility, such as a halfway house, to achieve these 'pre-release conditions.' Rather, pursuant to § 3621(b), and subject to the § 3624 limitation periods, the BOP retains discretion to determine whether the pre-release conditions or programs will be provided within a BOP facility or within a community confinement setting." *Bost v. Adams*, 2006 WL 1674485 (S.D.W.Va. Jun 12, 2006)(finding that petitioner "does not possess a statutorily created liberty interest in release to community confinement"); *also see Pennavaria v. Gutierrez*, 2008 WL 619197, * 9 (N.D.W.Va. Mar. 4, 2008)(stating that federal prisoners do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release confinement).

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 21, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge