CARMEN JOHNSON

    Petitioner,

v.                          CIVIL ACTION NO. 1:18-00444

WARDEN SAAD,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on August 21, 2018, in which he recommended that the court deny petitioner's petition for writ of habeas corpus, and remove this case from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On September 6, 2018,

petitioner, acting *pro se*, filed objections to the PF&R. <u>See</u> ECF No. 22. As such, her objections were timely.

Liberally construing petitioner's objections, the court finds that petitioner's motion sets forth three primary objections. First, petitioner objects to the PF&R's conclusion that she failed to exhaust her administrative remedies. <u>See id.</u> at ¶ 1. Second, petitioner objects that she informed respondent as to her unique pre-release placement preferences nineteen months before her good time date, but that respondent did not incorporate her personal circumstances and preferences in its final pre-release placement decision. <u>See id.</u> at ¶ 2. Third, petitioner objects that respondent did not properly consider petitioner's mental health and personal concerns related to re-entry, as respondent did not complete a Mental Health Re-Entry Plan or Residential Re-Entry Plan. <u>See id.</u>

## I.    <u>Standard of Review of *Pro Se* Objections</u>

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. <u>See Thomas v. Arn</u>, 474 U.S. 140, 149–50 (1985).

Furthermore, *de novo* review is not required and unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

II. **Analysis**

    *A.   Objection 1 – Exhaustion of Administrative Remedies*

    Petitioner objects to the PF&R's finding that she failed to exhaust her administrative remedies. However, the PF&R found in petitioner's favor on this issue. See ECF No. 20 ("[T]he undersigned cannot conclude that Petitioner failed to exhaust her administrative remedies."). Petitioner's objections related to the PF&R's findings as to her administrative remedies are therefore unresponsive to the PF&R and are irrelevant, see Kesterson, 2009 WL at *1, and must be **OVERRULED**.

    *B.   Objection 2 – Failure to Consider Personal Circumstances*

    Petitioner's second objection is that respondent did not incorporate her personal circumstances and preferences in its final pre-release placement decision as required by the Second Chance Act. See ECF No. 22, at ¶ 2. The Bureau of Prisons ("BOP") has the authority to designate a prisoner's place of imprisonment, which includes authority to make all pre-release placement decisions. See 18 U.S.C. § 3621. Section 3621(b) requires the BOP to consider five factors when determining a prisoner's placement: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristic of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any

4

pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) and Title 28.  Id. § 3621(b).

The Second Chance Act permits the BOP to allow a prisoner to serve a portion of his or her sentence in the community, such as in home confinement, placement in a community correctional facility, or in a Residential Re-Entry Center ("RRC").  See id. § 3624(c).  The Second Chance Act also requires that the BOP issue new regulations designed to ensure that such pre-release placements are "(A) conducted in a manner consistent with Section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  Id. § 3624(c)(6).

Therefore, together, Sections 3621(b) and 3624(c) require the BOP to make pre-release decisions on an individualized basis by considering each of the five factors with respect to the individual prisoner, and with the end of providing the greatest likelihood of successful reintegration of the prisoner into the community.  Once a court is satisfied that the BOP considered all five factors on an individualized basis, the BOP's placement decision is given "considerable discretion."  Byrd v. Moore, 252 F. Supp. 2d 293, 300 (W.D.N.C. 2003) ("Section 3621 endows the BoP with considerable discretion to designate prisoners anywhere the BoP decides is appropriate, considering only the five

factors listed in § 3621.").

Here, the record reflects that petitioner was properly considered for pre-release placement on an individualized basis, considering each of the five factors. On August 9, 2017, petitioner's BOP Unit Team prepared an Individualized Re-entry Plan, where they recommended petitioner for a 151-180 day RRC placement. See ECF No. 13, Exh. 1 Attachment B at 3. Considering all five Section 3621(b) factors, respectively, the BOP determined that (1) "there are available community corrections in the release area;" (2) "the nature and circumstances of the offense are eligible for community corrections;" (3) petitioner has "established residence and community ties;" (4) "[t]here were no statements [from] the sentencing court regarding RRC placement and there was no pertinent policy applied by the Sentencing Commission;" and (5) petitioner "is 50 years old and has a stable release plan and community." Id. Petitioner's objection that respondent did not give her an individualized assessment as required by the Second Chance Act is not supported by evidence. This court finds that the BOP appropriately and individually considered petitioner for pre-release placement under Sections 3621(b) and 3624(c), and thus petitioner's Objection 2 is **OVERRULED**.

### C. Objection 3 – Failure to Create Mental Health Re-Entry Plan and Residential Re-Entry Plan

Petitioner's third objection is that respondent did not
properly consider petitioner's mental health and personal
concerns related to re-entry, as respondent did not complete a
Mental Health Re-Entry Plan or Residential Re-Entry Plan.  See
ECF No. 22, at ¶ 2.  Petitioner cites to BOP Policy 5200.05,
"Management of Inmates With Disabilities," as providing the
basis for respondent's duty to provide such plans to her.  While
Policy 5200.05 does contain a subsection containing BOP policies
regarding disabled prisoners' re-entry needs, Policy 5200.05
contains no provisions regarding any re-entry plan that needs to
be created.  See Management of Inmates With Disabilities, DEPT. OF
JUSTICE FEDERAL BUREAU OF PRISONS POLICY 5200.05 (2017),
https://www.bop.gov/policy/progstat/5200_005.pdf.  Therefore
Magistrate Judge Aboulhosn's recommendation to dismiss
petitioner's claims is supported by substantial evidence, and
petitioner's Objection 3 is **OVERRULED.**

Moreover, to the extent that petitioner is asserting a
constitutionally protected interest in either her pre-release
placement, the duration of her pre-release placement, or in her
receipt of a Mental Health Re-Entry Plan or Residential Re-Entry
Plan, the court finds that petitioner does not possess any such
interest.  To establish a due process claim, "a plaintiff must
prove that he possessed a protected liberty or property interest
and that he was deprived of that interest without being afforded

7

the process to which he was constitutionally entitled." <u>Jackson v. Bostick</u>, 760 F. Supp. 524, 528 (D. Md. 1991). Petitioner has not stated a viable due process claim because she has no protected liberty interest in a particular pre-release placement or duration of placement, or in having a Mental Health Re-Entry Plan or Residential Re-Entry Plan created for her. The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.'" <u>Slezak v. Evatt</u>, 21 F.3d 590, 594 (4th Cir. 1994) (quoting <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)).

Neither Section 3621(b) nor Section 3624(c) contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in a particular security classification. Section 3621(b) clearly vests the BOP with broad discretionary authority as to prisoners' placement and classification while incarcerated. <u>See</u> 18 U.S.C. § 3621; <u>see also</u> <u>Jaworski v. Gutierrez</u>, 509 F. Supp. 2d 573, 584 (N.D.W. Va. 2007) ("the BOP [has] the discretion to determine which inmates may participate in the BOP's pre-release programs") (citing <u>Lopez v. Davis</u>, 531 U.S. 230, 235-38 (2001)). The language of Section 3621(b)

stating that the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable," is clearly permissive; the statute does not mandate that the BOP place a prisoner in a certain facility. 18 U.S.C. § 3621(b); see also Pennavaria v. Gutierrez, 2008 WL 619197, *9 (N.D.W. Va. Mar. 4, 2008) (stating that federal prisoners do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release confinement). As a Mental Health Re-Entry Plan or a Residential Re-Entry Plan relate to a prisoner's placement, these plans also create no liberty interest of which petitioner was deprived. Additionally, BOP policies that do not place substantive limitations on official discretion do not create constitutionally protected liberty interests. See, e.g., Kotz v. Lappin, 515 F. Supp. 2d 143, 150 (D.D.C. 2007) ("Internal documents as part of prison administration have been found not to create a protected liberty interest."); see also Ewell v. Murray, 11 F.3d 482, 488 ("inmates do not have a protected liberty interest in the [BOP] procedures themselves"). Therefore, even if petitioner were entitled to a Mental Health Re-Entry Plan or a Residential Re-Entry Plan under BOP Policy 5200.05, the fact the petitioner did not receive either plan

does not violate due process or entitle her to relief under Section 2241.

### D. Respondent's Motion to Dismiss for Mootness

Respondent filed a motion to dismiss this case as moot because petitioner satisfied her sentence and was released from custody on May 14, 2019.  See ECF No. 24, Exh. 1 Attachment A. To fairly consider petitioner's objections which were timely filed before her release, the court has reviewed the record, the Magistrate's findings and recommendations, and petitioner's objections.  The court rules that all of petitioner's objections are **OVERRULED**, and accordingly, **DENIES** petitioner's motion under 28 U.S.C. § 2241 and **DISMISSES** this case.  As the case is dismissed on the merits, respondent's motion is **DENIED** as moot.

## III. Conclusion

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1.   Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED;**

2.   This action is **DISMISSED;** and

3.   The Clerk is directed to remove this case from the court's active docket.

The court also **DENIES** respondent's motion to dismiss as moot.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A

certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 25th day of September, 2019.

ENTER:

David A. Faber
Senior United States District Judge